UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60751-CIV-COHN/Seltzer

TERRELL HAMILTON, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.

HARTMAN AND TYNER, INC., a Florida corporation,
HERBERT TYNER, BERNARD L. HARTMAN,
JULIE MELCHERT, and DANIEL ADKINS,

    Defendants.
_____/

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT
## ORDER GRANTING MOTION TO WITHDRAW

**THIS CAUSE** is before the Court upon Plaintiff's Counsel's Motion for Leave to Withdraw as Counsel of Record for Plaintiff [DE 23] and Defendants' Motions for Summary Judgment [DE's 14 and 21]. The Court has carefully considered all of the filings in this case, has held a hearing on the Motion to Withdraw on October 28, 2011, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Terrell Hamilton ("Plaintiff") filed this action through counsel on April 7, 2011, seeking unpaid overtime wages, liquidated damages and attorney's fees against a business and several individuals under the Fair Labor Standards Act ("FLSA"). Plaintiff worked for Defendant Hartman & Tyner as a "Security Officer." Complaint, § 3. Plaintiff alleged that he intended to seek notice of similarly situated employees, but did not began that process. The individual defendants are all alleged to have owned and operated the business, without explanation as to what roles each performed.

On September 6, 2011, three of the four individual defendants filed a "Notice"

which contained a motion for summary judgment. On September 21, 2011, the Clerk's office converted the "Notice" into a "Motion." This motion asserts that individual defendants Tyner, Hartman and Melchert are not "employers" under the FLSA. Plaintiff did not respond to the motion by the October 11, 2011 deadline, even with a determination that the response date is derived from the day the Clerk's office converting the filing to a motion. On September 29, 2011, all Defendants moved for summary judgment on the merits of the claim of unpaid overtime. A response to this motion was due on October 17, 2011.

Plaintiff did not respond to either motion. Rather, on October 18, 2011, after the due date for a response to the motions, Plaintiff's counsel moved to withdraw based upon "irreconcilable differences. . . which make it absolutely necessary" that counsel withdraw. Defendants oppose the motion only until the pending motions for summary judgment are resolved.

## II.  DISCUSSION

At the hearing on counsel's motion to withdraw, the Court required Plaintiff's counsel to explain sidebar the basis for the motion to withdraw. The Court notes that although Plaintiff himself was notified of this hearing, Plaintiff was unable to attend. Plaintiff telephoned chambers of the undersigned at approximately 11:00am the day of the hearing and left a voicemail message that he could not attend and requested a continuance. Plaintiff did not leave a telephone number at which to contact him. A few minutes later, when the Court's staff attempted to call Plaintiff at the numbers that counsel had included in his motion to withdraw, only a voicemail message was received. The Court staff left a message stating that the hearing would not be continued, but that Plaintiff could appear by telephone by calling back. No return phone

call was received. Nonetheless, when the Court commenced the hearing at its scheduled 3:00pm time, the Court again attempted to reach Plaintiff, but could not do so. At the hearing, Plaintiff's counsel stated that he had experienced similar problems communicating with Plaintiff.

The Court then proceeded to ask counsel to address the failure of Plaintiff to respond to the pending Motions for Summary Judgment. Plaintiff's counsel was unable to put forth a reason to oppose the motions. The Court therefore will grant the motions for summary judgment by default, and will then grant Plaintiff's counsel's motion to withdraw.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions for Summary Judgment [DE's 14 and 21] are hereby **GRANTED by default**;

2. The Court will separately enter a final judgment in this case;

3. Plaintiff's Counsel's Motion to Withdraw [DE 23] is hereby **GRANTED**;

4. Brian Militzok, Esq. and the firm of Militzok & Levy, P.A., are hereby relieved of further responsibility in this action and terminated as counsel of record in this action. The Clerk shall update the docket to reflect a mailing address for Terrell Hamilton as 7900 NW 3rd Street, Pembroke Pines, FL 33024.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 31st day of October, 2011.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copy Provided:
counsel of record on CM/ECF

Terrell Hamilton
7900 NW 3rd Street
Pembroke Pines, FL 33024